In the Matter of the Claim of JOHN MESMER et al., Respondents, against ASSOCIATED COLLEGES OF UPPER NEW YORK STATE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ. [See 277 App. Div. 1082.]

■

In the Matter of the Claim of OLGA A. JONES et al., Respondents, against ACME STEEL CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision and award of Workmen's Compensation Board. Decedent, a carpenter working regularly on a day shift in employer's steel plant, died from burns suffered in a fire in the plant at 3:30 A. M. The problem is whether there is any support for the decedent's hearsay declarations that he was, as the board has found, in the plant in the nighttime, in the course of his employment. The statements of the decedent that he was going to work in the "galvanize" department that night were made to several different persons at several times and were independently established. One of the witnesses to such a statement was a night watchman at the plant who saw decedent come in at ten o'clock. The proof other than hearsay statements may be summarized thus: Decedent received a telephone call before his statement to a member of his family that he had to go to work; he was seen in the plant with his lunch and in his work clothes; he had worked for some hours on the day before the accident in the "galvanize" department; and there is a time record showing that on at least one previous occasion he had checked in for work at 5:42 A. M. There is strong evidence that decedent was not authorized to be in the plant or required to work when the accident occurred, but the board found the facts most favorable to claimants and there is at least the "residuum of * * * evidence" required to support the hearsay statements within Matter of Carroll v. Knickerbocker Ice Co. (218 N. Y. 435, 440) and the interpretation of that decision in Matter of Altschuller v. Bressler (289 N. Y. 463). The case here is rather similar in principle to Matter of Quinn v. New York Tel. Co. (276 App. Div. 936). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.